# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEONARD E. DORSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05-CV-1034-ID-VPM |
| | ) |
| ANTHONY CLARK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF ANTHONY CLARK

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF COVINGTON | ) |

1. My name is Anthony Clark. I am over the age of nineteen and am competent to execute this affidavit, which is based on my personal knowledge, training and experience.

2. I am the duly-elected Sheriff of Covington County, Alabama and was the duly-elected Sheriff of Covington County at all times relevant to Plaintiff's Complaint.

3. I have reviewed the Plaintiff's Complaint filed in this matter. I have no personal knowledge of any of the facts stated in the Complaint. I did not become aware of the allegations made the basis of the Plaintiff's Complaint until I was served with it.

4. It is the policy of the Covington County Sheriff's Department that members of the jail staff receive and answer inmate grievances. Forms on which grievances may be related to the jail staff are readily available in the jail. Inmates are furnished these forms at any time they request one. An exception exists for requests of an emergency nature, which may be made orally. Members of the jail staff are charged with responding to such grievances. Copies of all completed grievances and request forms are placed in an inmate's jail file.

5. Inmates are made aware of the grievance procedure.

6. To not provide an inmate with a grievance form or address a grievance would be a violation of the policy of this jail.

7. I am not personally involved in the day-to-day operations of the jail. I have delegated that power and authority to the Jail Administrator.

8. I certify and state that the documents provided to the Court which are attached to the Defendants' Special Report are true and correct copies of the Plaintiff's inmate records, kept at the Covington County Jail in the regular course of business.

9. I affirm, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

*Anthony Clark* (signature)
Anthony Clark

**SWORN TO** and **SUBSCRIBED** before me this 12 day of December, 2005.

*Debbie Cook* (signature)
NOTARY PUBLIC

My Commission Expires: 3/2/09

3

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LEONARD E. DORSEY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:05-CV-1034-ID-VPM |
| | ) |
| **ANTHONY CLARK,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**AFFIDAVIT OF KEVIN SMITH**

| | |
|---|---|
| **STATE OF ALABAMA** | ) |
| | ) |
| **COUNTY OF COVINGTON** | ) |

1.    My name is Kevin Smith. I am over the age of nineteen and am competent to execute this affidavit, which is based on my personal knowledge, training and experience.

2.    I am currently a patrol deputy with the Covington County Sheriff's Department, but was the Interim Jail Administrator at all times relevant to Plaintiff's Complaint.

3.    I have reviewed the Plaintiff's Complaint filed in this matter. I have personal knowledge of the facts stated in the Complaint.

4.    It is the policy of the Covington County Sheriff's Department that members of the jail staff receive and answer inmate grievances. Forms on which grievances may be related to the jail staff are readily available in the jail. Inmates are furnished these forms at any time they request one. An exception exists for requests of an emergency nature, which may be made orally. Members of the jail staff are charged with responding to such grievances. Copies of all completed grievances and request forms are placed in an inmate's jail file.

5.    Inmates are made aware of the grievance procedure.

6. To not provide an inmate with a grievance form or address a grievance would be a violation of the policy of this jail.

7. I have personal knowledge of, and have personally witnessed, the Plaintiff's disposition among the population of the Covington County Jail. The Plaintiff is aggressive and combative. He initiates and promotes conflict with the other inmates. As a result of his hostility, I have personally moved him between various cell blocks in an effort to protect both his health and safety, and the health and safety of the other inmates. The Plaintiff has provoked and initiated physical confrontations in both "A-Block" and "B-Block," which house the majority of the general population of the Covington County Jail.

8. With respect to the foregoing, I have even housed the Plaintiff in "D-Block," which is reserved for work-release inmates, in an effort to reduce the potential for violence. D-Block inmates are much less inclined to participate in any sort of incident, for fear of being removed from the work-release program. I reasoned that the work-release inmates would refuse to be provoked by the Plaintiff's behavior, thereby maintaining order and safety with respect to the Plaintiff. However, after a short time, the residents of D-Block informed me that they could not live with the Plaintiff, and that if he remained in D-Block they would "run him out."

9. After unsuccessfully housing the Plaintiff in D-Block, I had no choice but to place the Plaintiff in C-Block, which is the detention block. C-Block has far fewer prisoners, and therefore is less crowded and offers less opportunity for the Plaintiff to initiate a violent incident. However, the Plaintiff was placed in C-Block for his own safety and the safety of the other jail inmates, not as punishment. Further, at no time was the Plaintiff "locked down" (locked into an individual cell), but was given access to the day room and all of the amenities it provides. The only difference between C-Block and the other cell blocks is that C-Block does not provide

3

access to a telephone or a television. However, I specifically informed the Plaintiff that I would provide him access to a telephone if he should require it.

10. The Plaintiff was assaulted by another inmate, during which incident the Plaintiff's nose was broken. The Plaintiff was given the opportunity to swear out a warrant on the other inmate, which warrant I personally served on the offending inmate.

11. I certify and state that the documents provided to the Court which are attached to the Defendants' Special Report are true and correct copies of the Plaintiff's inmate records, kept at the Covington County Jail in the regular course of business.

12. I affirm, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

_____
Kevin Smith

SWORN TO and SUBSCRIBED before me this 12 day of December, 2005.

_____
NOTARY PUBLIC

My Commission Expires: 3/2/09